IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| ROBERT WORTHY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 09-00664-WS-N |
| ACCUMARINE TRANSPORTATION, | ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned for review following the submission of a status report submitted by plaintiff's former counsel pursuant to this Court's order of April 20, 2010. (Doc. 19)[1] The Court has been advised (doc. 20) that plaintiff's former counsel, Dwain C. Denniston, Jr., Michael G. Huey and the Huey Law Firm, LLC, have served a copy of their motion to withdraw, along with a copy of the Order entered on April 20, 2010 (doc. 19), upon those family members of Robert Worthy referenced in the motion. Additionally, counsel represents that they have discussed the implications of those documents with the now deceased plaintiff's family members.

The Court's April 20, 2010 order provides, in pertinent part:

---

[1] On April 19, 2010, Dwain C. Denniston, Jr., and Michael G. Huey, and Huey Law Firm, L.L.C. filed a motion to withdraw as counsel for plaintiff on the grounds, in sum, that plaintiff was killed in a motor vehicle accident in January of 2010. (Doc. 18) Counsel advised that while the "family still desires to continue with the ...litigation", they have "not cooperated and provided the necessary documentation to allow Mr. Worthy's estate to be opened." (Id.) The undersigned granted the motion contingent upon counsel serving a copy of the motion along with the Court's order on the Worthy family members referenced in the motion to withdraw. (Doc. 19)

> It is FURTHER ORDERED that, unless some action is taken by *no later than May 4, 2010* to substitute a proper party plaintiff to proceed with this litigation, it shall be recommended that this action be dismissed for want of prosecution.

(Doc. 19) (emphasis added) To date, no action has been taken to substitute a proper party plaintiff to proceed with this litigation, nor has there been any request made for an extension of time within which to do so. Consequently, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's order and for want of prosecution. *See*, Link v. Wabash R. R., 370 U.S. 626, 630 (1962)(Rule 41(b) held not to restrict the Court's inherent authority to dismiss *sua sponte* an action for want of prosecution).

Because the Court has not been provided with the identity of plaintiff's surviving family members, the Clerk is hereby directed to mail a copy of this order to plaintiff's former counsel, who are then directed to forward same to the appropriate family member(s).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

**Done** this 19th day of May, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE**

RIGHTS AND RESPONSIBILITIES FOLLOWING

# RECOMMENDATION
## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this 19th day of May, 2010.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[2]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).